Good morning. Good morning. May it please the Court, Your Honors. Franklin White for the United States. To begin with, I'd like to jump right into the issue that was raised by the Court in recent order addressing the Little Tucker Act and requesting that the parties address the applicability of the APCAP decision. With respect to the Little Tucker Act, our position would be that that clause could not possibly provide the district court jurisdiction to confirm an arbitration award against the United States for three reasons, the first being the obvious reason, and that that statute specifically limits the district court jurisdiction to cases in which the claim is one under $10,000. And that would suggest the district court didn't have jurisdiction. Correct. That the confirmation of the award was filed in the wrong court, should have been filed in the Federal Circuit or in the Court of Federal Claims, or in the alternative that they have waived all damages in excess of $10,000. Well, the position that we're taking in this case is that they don't have any right. Congress has not passed a statute that's waived the United States' sovereign immunity to enforcement of an arbitration award under the Arbitration Act, except in those instances covered by the Administrative Dispute Resolution Act. That's it. So what our position is, is not a back-and-forth shell game between the Court of Federal Claims and the district court, which is what I think the district court judge believed. But, in fact, it's a much stronger and more definite argument. There is no such right. Let me tell you, Mr. White, what's bothering me, and maybe that will help us focus just a little bit more. Under the FAA and the ADRA, neither of those confers jurisdiction on a district court. There must be some demonstration of jurisdiction. And it seems to me that in an effort to enforce an arbitration award, that part place's best argument is that the Little Tucker Act, or the Tucker Act, covers this. And that would be consistent, I think, with the decisions by the Federal Circuit finding that the United States stepped into the shoes and that the Tucker Act covered these claims in contract against the United States. If they filed this as a counterclaim in the Central District of California under the Tucker Act or under the Little Tucker Act, exclusive jurisdiction over any appeal from that would have to be in the Federal Circuit and not in this Court. Well, the action in answering that, the action, the counterclaim for confirmation in the district court wasn't based on the Little Tucker Act or the Tucker Act. It's difficult to — to — What was the basis for jurisdiction? You cited 1345 as the basis for the district court's jurisdiction to us, and that was what the — what part place cited as well. Yes, but the district — How could it be 1345? Because the United States filed this action in the district court. I understand that. And there is jurisdiction for the United States to do that under Section 1345. Right. But our position has been is that there is no reciprocal jurisdiction. Therefore, no claim that part place could have made against the United States in the context of that case could have stood on the basis of Section 1345. It had to be something else that provided jurisdiction. Why couldn't they bring a counterclaim based on the — based on the Tucker Act or the Little Tucker Act? Well, for one — Once you filed your — once you filed your claim claiming 1345 because the United States was the plaintiff, why couldn't they then file a counterclaim to enforce the — to confirm the arbitration award and cite the Tucker Act as the basis in jurisdiction? Well, the Tucker Act itself, of course, provides no jurisdiction in the district courts, only in the court of Federal claims. That's correct. And, in fact — But again, counsel, there's the possibility here that they've waived everything above $10,000. So the United States hasn't made that argument yet, but it seems to me that it may be jurisdictional, and that argument may yet be available to you. But if they're going to bring this, it seems to me that implicit in that claim, there has to be a basis in jurisdiction, and 1345 is not an adequate basis in jurisdiction. Correct. I mean, it could be said that if they wanted to, they could have tried to waive all of the element of a claim above $10,000 and try to say this is a basis for jurisdiction. But we have other problems with that as well, the first being that we don't believe, aside from the dollar limitation in the Little Tucker Act, that the Tucker Act or the Little Tucker Act provides any basis for confirmation or enforcement in the sense of a motion to compel under Section 4 of the Arbitration Act. There is no basis for that because it's a specific performance-type remedy that the Tucker Act has been interpreted over and over again as not allowing. That was the real problem here, and that is the reason why in the court of Federal claims where this was used. You're saying that if the United States had entered into a contract and had agreed to arbitration, and that you went to arbitration and then somebody sought to compel it, that there's no place where they can bring an action to confirm that? Absolutely. That's our position in a nutshell, except where the arbitration agreement was made properly, and it was done in the manner that Congress directed through the conditions of the Administrative Dispute Resolution Act. In that instance, there is a waiver of sovereign immunity to both a motion to compel and a motion to confirm. There's your waiver of sovereign immunity. What would be the basis for a party seeking to confirm an arbitration award to bring that into a district court or the court of Federal claims? What would be the jurisdictional hook for the court? It's not the ADRA. It's not the arbitration agreement, and it's not the FAA. It would be the ADRA. The ADRA is not a jurisdictional statute. The ADRA includes a provision in Section 580C and in Section 576 that in those instances states that, you know, an arbitration award can be enforced in a district court and the United States doesn't have the ability to make the argument that sovereign immunity precludes this. Those statutes would be, and I think it was referred to in the electric light wave decision, which we cite in our briefs, as an attempt by Congress to make, in some instances, an arbitration award enforceable in that sense. It still doesn't tell me that it's granted jurisdiction to the Federal courts. And if there is no – I mean, again, the argument that's being advanced, if you were to say that there is no jurisdiction provided to the district court even in that instance, then it's make – then you're making an argument that the government has not made in this case, which is that there is no enforcement of arbitration awards made in government cases in any circumstance, an argument that we've not advanced in this case because we don't have to. We know that in this instance, it certainly can't happen, regardless of how the ADRA is interpreted, because that statute 580C, which is really potentially the only way that a district court could ever have jurisdiction over this, because, like I've said, the Tucker Act can't apply, and the Little Tucker Act can't apply, and the Administrative Procedures Act can't apply, and the other stuff. I don't understand why you can't bring a Tucker Act, why you wouldn't claim jurisdiction under the Tucker Act to enforce an ADRA action. Well, to bring an action under the – Isn't an arbitration award itself, an award of money judgment against the United States, based in contract? It's based in contract, and I do believe, which is why we've asserted this in the briefing, that if a claim for breach of contract on the arbitration clause has been advanced in the court of federal claims, the federal circuit's holding, and certainly in the second decision, seems to eliminate a sovereign immunity argument that the government could make to a breach of contract action based on failing to arbitrate in the court of federal claims. But that's as far as it goes, and that's very different from an action seeking a to confirm an arbitration award. It is an action to specifically enforce the contract. Right, but what's the point of saying that you're bound to the arbitration agreement, a final and binding arbitration, you're bound to a final binding arbitration, without having an enforcement mechanism? I mean, doesn't it subsume the enforcement mechanism? I would say, if, I mean, if that argument were the case, or if that argument were true, then the general prohibitions against specific performance that have been well established in the context of government contracting wouldn't make any sense. I mean, what happens when the government enters a contract is that if the government breaches that contract, and if you can fit your claim for breach of strict jurisdictional limitations of either the Little-Tucker Act or the Tucker Act, then you have a cause of action. But other than that, you don't. And so for the breach of contract claims that might be made and hasn't been made, we are waiting for that in another case. I mean, that's there's a pending court of federal claims lawsuit going on right now, and they chose, when they obtained this arbitration award, to pursue one theory for enforcement. They insisted that the court of federal claims could, through the Arbitration Act, enforce it through Section 9, and the court said, no, we can't. And the Federal Circuit said, no, they can't. They did not at that time make the alternative argument of, if we can't enforce it through the Arbitration Act, we want to sue for breach of contract. They didn't make that argument at all, and so it was never addressed by the Federal Circuit or by the claims court. Whether or not that argument can be made, you know, obviously it depends on whether the court of federal claims is serious in terms of its having said they've waived this right to begin with. But assuming it wasn't waived, and clearly the government didn't do it, and if the Federal Circuit says the government was bound by that provision, then the government would have breached it. You have a breach of contract action and a court to go to for that breach of contract action. But the Tucker Act itself won't provide a jurisdictional basis for anything in the district court, and the Little Tucker Act won't in this instance, at least without their attempting even to waive everything above the $10,000 limitation, wouldn't provide a basis for this either. I mean, this question of the applicability of the Little Tucker Act was not addressed in the district court's decision that we're appealing from, but it was addressed in the original district court decision on the Federal Tort Claims Act case. It's actually, there is some discussion at page 134 of the excerpts of record where the district court judge, in considering the breach of contract claims that were brought at that point as alternative claims along with the tort claim, specifically addressed that and said that the Little Tucker Act really was not a basis because these claims clearly exceeded $10,000. E.R. what? E.R. 134, which is at the very end of the FTCA decision of the district court. So, you know, that was one consideration, is the Little Tucker Act. There have been raised a number of alternative statutes, but I think what's, what should not be lost is the idea that there has to be something. There has to be an unequivocal statement by Congress that specifically provides district court jurisdiction to entertain this type of action. And when I say this type of action, I mean the specific performance of the Arbitration Act. Either Section 4, which would permit a party to get an order compelling the government to arbitrate, or Section 9, which would allow a party to get an order confirming an arbitration award. Without a statute that specifically provides a mechanism for that, in an unequivocal way that's not implied, there was no basis for any district court judgment, money judgment, against the government in this case. And the candidates, we've discussed the Tucker Act and the Little Tucker Act. The other candidates were the Park Place asserts the authority of the Attorney General under Section 516 of Title 28. That clearly doesn't work, as it's not a statute in which Congress has waived the government's sovereign immunity to suit in any form for anything. They've also asserted the Administrative Procedures Act, which we've pointed out in the briefing doesn't work, because these are claims that ultimately are founded on a contract, which is the reason why there is a breach of contract action going on right now in the Court of Federal Claims on this. So, and this Court has held. If we were, if for some reason we were to decline to confirm the arbitration award, is the, would that revive the breach of contract claims that are going on in the Court of Federal Claims? The case has currently stayed pending the mandate of this Court. If the arbitration award is something that can't be confirmed, as we've argued, we presume the Court of Federal Claims case would take up from where it left off three and a half years ago in, you know, the midst of discovery and motions to compel and litigation on the merits of these breach of contract claims that have been pending in the Court since 1999. So we don't expect that that would be the end of the matter regarding the arbitration award either, because as we've pointed out, we're not aware of any reason why the Park Place couldn't at least try to get approval of that court to amend their pending complaint to assert additional breach of contract based on this entire arbitration adventure that we've had for the last couple of years. But that being said, our position is also that not only does this Court, or should this Court, reverse the district court's decision because that court clearly did not possess jurisdiction to confirm the award, we also urge that the court reverse the district court's conclusion on the government's separate motion that that award should not be vacated. And the court might suspect that, well, why would it matter if the award couldn't be confirmed? Why would the government care? But in this context, it does matter. As I've pointed out, there is a pending case in the Court of Federal Claims in which a breach of contract action involving this arbitration award or a breach of contract claim involving this arbitration award could be asserted. And for the reasons that we asserted in the district court, the arbitration award itself should be vacated, certainly because the plaintiffs had waived this right of arbitration. You're concerned that if we don't vacate, we don't vacate that what? That the arbitration decision is going to be collateral estoppel in the any action? Not that, but in the last Court of Federal Claims decision that denied their Park Place's motion to confirm this award, the briefing was exactly the same as the briefing that was in the district court and the same arguments that this Court has now. We, in defending that, were arguing that the Court of Federal Claims lacks jurisdiction to do this. But we also raised all of these other arguments for why this arbitration award should be vacated. They've waived it. The statute of limitations has expired. You can't execute judgments against general partners in this kind of context. And the Court, I think, was a little bit uneasy with the prospect of making an order that was going to touch on anything covered by the Arbitration Act, certainly saying that if the Arbitration Act itself requires actions in district courts, then you, Park Place, aren't entitled to an order confirming anything, and you, government, aren't entitled to any sort of order vacating. The Court may have a question, if this case were to go back there, as to whether the government's arguments for vacating the award are properly decided there or in the district court, where I think it's assumed that the government – there was jurisdiction in the district court for the government's action. And it's an interesting point that we're raising, because certainly we can understand how this Court might think that that's some way unfair, because we are arguing very directly that although the district court lacked jurisdiction to confirm the order or do anything that would result in an affirmative award of money against the United States, that based on the independent jurisdiction of Section 1345, the government is, in this instance, entitled to the district court's correct resolution of the government's motion to vacate the award. And in this instance, it matters to us, and we would like this Court to reverse the district court's judgment confirming the award and reverse the district court's judgment denying the government's motion to vacate the award for the reasons that we've asserted. It's very clear that the Court of Federal Claims believes that the Park Place had waived the right of arbitration. It's no possibility that you can read those decisions, either the November 2003 decision or the 2005 decision of the Court of Federal Claims, without realizing that the Court was very annoyed with this and clearly believed that after so much time and so much burden to the government had occurred, that Park Place could simply remove this entire matter from the Court of Federal Claims to some California arbitrators. And although the Court had that firm belief, there may be some question as to whether it believes that it could vacate the award. I see my time has expired. Roberts. Thank you, Mr. White. Thank you. May it please the Court. My name is Chris Buckley, and I represent the appellee and the cross-appellant in this case, Park Place Associates or PPA. With me today are Daniel Nelson and Amir Tarani, and many of the partners of Park Place Associates are sitting in the courtroom over here on your left side. I assume they weren't with the government. We assume they weren't with the government. I was going to start off with the indulgence of the Court in making a few introductory remarks, but I'd like to skip those and go right to the jurisdictional issue, because I think that's where the added value is here this morning. If I have some time at the end, I might revert to making some remarks. I would like to mention one case in the sovereign immunity area, but I'd really like to focus my attention on the issue that is of concern to the Court. Let me start off by saying that the ADRA issue, the Administrative Dispute Resolution Act issue, has now been decided three times. It was decided in the Court of Federal Claims in November of 2003. It was decided in the Federal Circuit in Hardy 2. And it was decided below in the Central District of California. It was decided adversely to the government every time. We submit that there's good reason for that. And the reasons are set forth in our reply brief. The adverse decision being that the government was subject to the arbitration clause. Not only that, but that the Administrative Dispute Resolution Act does not apply. It was not just that the arbitration clause bound them, although I guess that's the reverse, but that the Administrative Dispute Resolution Act does not apply in cases involving the Attorney General's authority to supervise litigation of the United States. In fact, I believe at Supplemental Excerpt of Record 102, you'll see a website statement by the Department of Justice specifically saying that. I'm sorry. That was ER-102? SER-102. SER-102. Yes, sir. And I would also refer the Court to a case, if you would just give me a second. The case is Tanaska v. Washington Partners 2, I believe it is. And in that case, yes, it is 34 Federal Claims 434. 1995. In that case, the United States agreed with everything it says in this website announcement. It said, The Attorney General, represented by litigation counsel from the Justice Department, said that the Attorney General has plenary power under Sections 516 and 519 over litigation of the United States. This includes the power to settle or compromise claims, and that without express statutory authority, this power includes the power to resolve claims with binding arbitration. This was a position that the United States took, trying to enforce a binding arbitration clause in a contract that the other side did not want to abide by. And it argued that the ---- Was the award enforced? Yes, it was. Which court enforced it? Well, I'm not sure how it ended up. I know that the United States agreed specifically in its representations to the court that it would be bound by whatever award the arbitrator issued in accordance with FAA standards. If there was no fraud or misconduct, in other words, they would be bound by it. What I wanted to ask you is by what authority would the district court have the jurisdiction to enter a judgment against the government for over $10,000? We believe that a supplemental jurisdiction under 1367A. But 1367 has to attach to something. So it attaches to what? 1345? Yes, Your Honor, it does. That's right. How can it attach to 1345? That is a suit by the government is the plaintiff. That's all it is. It's not a waiver of sovereign immunity. It's nothing else. How can it be supplemental jurisdiction? Well, first of all, I think just to deal with the sovereign immunity issue, I agree with the Court. I think the government is confusing a little bit the issue of sovereign immunity and the issue of jurisdiction. The issue of sovereign immunity has been pretty thoroughly briefed. And I think we probably each took each other pretty far down that trail without dealing with the jurisdictional issue. Well, it looks like the Federal Circuit has held pretty squarely in the Hardy cases that the government has waived its sovereign immunity, that they're going to be bound by this contract. Then the question is, okay, what do we do with the arbitration clause? And the next question is, and the one that we've really got right square in front of us is, where can that arbitration clause be enforced? You've tried to enforce it in the Central District of California by filing what appears to be a counterclaim, and I don't know whether it's a compulsory counterclaim or noncompulsory counterclaim, on an action brought under 1345. It's pretty clear that a number of courts have held that 1345 does not support jurisdiction for a counterclaim. Well, we wouldn't characterize what we have filed as a counterclaim. Okay. Well, then what is it? We would argue that it is the reasonable and necessary incident of what the government did when it came in to move to vacate the award, that motion having been denied. You're asking for a money judgment against the United States. Well, I don't think we are directly, Your Honor. I think what we're asking for is confirmation of the award, which this Court has held is a summary proceeding. I refer the Court to D.H. Blair & Co. v. Gottdiener, G-O-T-T-D-I-E-N-E-R, 462 Fed 3rd 95. I'm sorry. I say this Court. This is a Second Circuit opinion. Page 110, the Court said, Confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court. And then what happens? So suppose the Court does have jurisdiction to confirm the award. Then you have to enforce it somewhere. We would. And I think the two ways of enforcing it would be 1361, which does carry with it its own jurisdiction, the mandamus statute, if we had to do that, or Rule 69, dealing with the writ of execution of judgment. That is how we would enforce the award if we had to do it. You know, counsel, the Tucker Act just runs all the way through those hardy decisions, both in the Court of Federal Claims and the Claims Court. It runs through your briefs. It runs through the government's briefs. You have an argument that's in the first section of your brief about why we ought to confirm the arbitration award, notwithstanding the fact that the arbitrators relied on the six-year Tucker Act statute of limitations rather than the four-year California Tucker Act. Now, how is it that you get to have six years because of the Tucker Act but claim that the Tucker Act is not the basis for jurisdiction here? Well, the Tucker Act, we wouldn't disagree that the Tucker Act is the basis of jurisdiction for our case that was filed in the Court of Federal Claims. It clearly was, and that also provides the waiver of sovereign immunity that allowed us to bring that case. But our view is that when the United States, when the arbitration award was obtained and the United States came in to move to vacate a motion which it lost under 1345 in the United States district court, and we filed a motion to confirm, which we were not only encouraged to do by the United States district court here, when the government came in and filed its complaint and moved to vacate, the trial court, the central district court, said, Mr. Buckley, you can go ahead and follow through and try to get your confirmation in the claims court, but if you can't, come back, file your motion to confirm, and I'll entertain it here. We went to the Court of Federal Claims. The Court of Federal Claims said in December of 04, we can't do it. We appealed that. The Federal Circuit said we agree. And I don't understand the Federal Circuit's decision, but that's another argument. And so everybody sent us back to the central district, and that's where we went. And because of the history of the case, I guess I'd like to say, the jurisdictional issue never was squarely raised as it should have been. It wasn't even clear what the government's basis for jurisdiction was originally. If you read the complaint, 1345 was not in it, but it became obvious as the case went along that it was the basis, and of course, the Tucker Act doesn't bar that suit because the Tucker Act deals with claims against the United States, not a claim by the United States against somebody else. That's right. That's why I asserted to you that I don't think that 1345 will support your award. Well, our position, Your Honor, is that you can have supplemental jurisdiction appended to 1345 jurisdiction asserted by the United States. The only way that you can do that is if you are willing to maintain the fiction that a judgment of confirmation of an arbitration award is not a judgment for monetary damages against the United States. Well, it seems to us that you have to find some other way of basis for jurisdiction. I would disagree with you, Your Honor, because I don't think we're seeking a money judgment. The money judgment has already been entered. There's authority that arbitration awards are, in essence, final judgments. All we're seeking to do is have, particularly given the denial of the motion to vacate, what's been described by the courts as a ministerial act. It's not an unimportant act of having the award confirmed. The FAA says if the motion to vacate is denied, there has to be confirmation. That's what Section 9 says. Absent the jurisdictional issue, once the motion to vacate has been denied, the necessary result is confirmation of the award. That's how closely related these two things are. Now, of course, the United States Supreme Court in Cortez Byrd said that. But Cortez Byrd was a venue case, not a jurisdiction case. On the other hand, Cortez Byrd, I think, does reflect the policies behind the FAA and what the Supreme Court thinks of the idea of arbitrating. It's clearly a big fan of it. If you look at Howsam and you look at Moses Cone Memorial Hospital, if you look at C&L Enterprises, which has been briefed by both of us, there's no question that the United States Supreme Court wants people to abide by arbitration agreements. That may not answer the specific jurisdictional issue, but it does, in my view, show that the relationship between Sections 9 and 10 is very, very tight. And if the government loses on a Section 10 motion, we ought to be able to have supplemental jurisdiction over our motion to confirm. And that is our position, for better or worse. That's the position we're taking. Ginsburg. If we were to agree with you that we are not – that a confirmation is not tantamount to a money judgment, then would it come within the declaratory relief statutes and jurisdiction there? To be honest with you, Your Honor, I hadn't thought about that. I mean, if that's all you're asking for is a statement that the judge – I'm not really sure – confirm it – well, he denied the motion to vacate, and you're saying it's jurisdiction under Section 1345. And then if he's not going to vacate it, confirmation is the natural result, and that's a declaration. It's not the actual award of damages because it's previously been awarded, and it's not the enforcement of the award. It's just a confirmation of the award, which strikes me as in the nature of a declaratory relief type motion. That may well be right, Your Honor. We hadn't considered it. But I do agree with you that we're not asking for money here, directly speaking. We've already won the money. We're simply asking what the FAA gives us an opportunity to request, which is that a court confirmed this award. And indirectly, it will result in a payment of money if we get the judgment executed. But all we're asking for now is confirmation. And conceptually, to us, that's different. And, of course, if it's not different, then we – then there's a real hole in the system because, as you point – Well, excuse me. Go ahead and finish your answer. Well, as Judge Worley, you pointed out, I mean, the problem is you can – the government can agree to binding arbitration. It can use 1345 jurisdiction to make sure that the – it takes a shot at getting the award vacated. But absent federal question jurisdiction someplace else, the winner, if you prevail against the government, has no place to go. Well, that brings up Mr. White's point that you could go back and fight this out in the court of claims under your contract. Where does that end? I mean, you know, that – That ends when you either win or lose there. I mean – But we – we'd have to go back and we'd have to amend our complaint and we'd have to sue for a breach of contract. If the district court has no jurisdiction to sign the judgment you wanted to, isn't that what would happen? That's a – that's a pretty inefficient and poor way to – to handle victories against the United States in arbitration. If there's no jurisdiction in a federal court allowing the award to be entered and the only solution is to go back where you started and file a motion – or file an amended complaint and sue for breach of contract. I mean, we're dealing with statutes, not, you know, what's the most expedient way of doing it. I mean, if the statute says the judge can't sign that judgment because it's more than $10,000. If there's no jurisdiction in – in – under any federal law, if there is no jurisdiction, then we may have no option but to go back to the court of federal claims or to go to state court. And then you have the – an issue of waiver of sovereign immunity. The government will allege that it never waived immunity. You already won that battle. Arguably, we have. I'm sure that battle wouldn't be over, but that would be the only other option. But our – our fundamental position is that – that Sections 9 and 10 are so close, and particularly here where the government's lost its motion to vacate, the entry of an award under Section 9 should not be perceived as an award of money to us. It's just the – you could conceive of it as just the entry of a judgment. Yes, Your Honor. That's right. But now, I think I would need some additional briefing to be convinced of that point. I should mention one other case to the Court. I have a lot of cases here, and I recognize this is difficult for you because these issues weren't briefed, and these are cases that have not been presented to the Court. The case of Christianson v. Colt Industries, which is a United States Supreme Court case decided in 1987, 486 U.S. 800. This – and it deals with this issue of what the Federal Circuit did and – and – and with what authority that should be regarded. In Christianson, the Supreme Court held that where a court transfers an appeal from one circuit to another for lack of jurisdiction, the circuit to which the appeal is transferred is foreclosed by law of the case from revisiting the first court's analysis of its own jurisdiction. In Christianson, the Supreme Court held that the law of the case prevented the Seventh Circuit from reconsidering the Federal Circuit's conclusion that the Federal Circuit didn't have jurisdiction. If counsel doesn't suggest that maybe the right thing for us to do would be to transfer this appeal to the Federal Circuit and let them – and let them try and square all of their decisions up? Well, Christianson would argue against that. Christianson – Christianson – in Christianson, the Supreme Court – This is now – the Federal Circuit's never had the question of confirming an order issued by the Central District of California. Well, the – That decision's never been before us. In – in Christianson, the Supreme Court said that that kind of transfer could not take place. That was what was at issue. In Christianson, the Seventh Circuit had tried to transfer the jurisdictional decision back to the Federal Circuit because the Seventh Circuit disagreed with the Federal Circuit. The case went up as – Yeah, but we're not disagreeing with the Federal Circuit here. There's nothing to disagree with. The last – the Hardy – Hardy 3 dealt with an interlocutory appeal from the Court of Federal Claims. We don't have an interlocutory appeal from the Court of Federal Claims. We have an order of confirmation from the Central District of California. That's never been before the Federal Circuit. That's correct. And I – I would assume that the Federal Circuit would say that it has no authority to con – Well, if the basis for the – for the Central District of California's jurisdiction is the Little Tucker Act, then under – under 1395, exclusive jurisdiction, this case has been appealed by the government to the wrong circuit. It had to appeal this to the Federal Circuit. We have no – we have no option here. If it came up under the Little Tucker Act – or under the Tucker Act, I would agree with you, Your Honor, but that – that is not our position. For better or worse, our position is that it's supplemental jurisdiction under 1367A, which would give this Court jurisdiction. I would like, if the Court – let me mention one other thing that I think is – is interesting. In our briefs, we do cite a 1995 OLC opinion entitled, Constitutional Limitations on Federal Government Participation in Binding Arbitration. If you – that is the – kind of the sea change at the Justice Department, whereby the Justice Department decided that it had the power to enter into binding arbitration like anybody else. And if you look on page 15 of that OLC opinion, you'll see that what was envisioned by OLC was that there would be an Article III Tribunal's review, i.e., a U.S. District Court's review of arbitral – of decisions by arbitrators. And that was one of the reasons that OLC opined that it was okay for the United States to engage in binding arbitration. If the Court would like, I'd like to briefly – Did OLC discuss the jurisdiction? No. Only inferentially it did. I mean, it didn't discuss – Was the ADRA in effect at that point, to discuss the ADRA? I don't believe it did. The ADRA, I believe, was in effect then. This was in 19 – yes, it definitely was. The ADRA was passed in 1990 or 91, and the OLC opinion was in 95. We've got about a minute left. A couple of quick points. The ADRA argument is presented fully in our reply brief in the Central District of California below, if the Court would like to see that. Very briefly on AFCAP, the issue of collateral estoppel, we think collateral estoppel, of course, applies to the issue out of final judgment. We don't think that any of the authorities in AFCAP – AFCAP covered the situation. They cover cases where there are other parties or other issues. Here we have the same parties, the same issues. So the authorities cited in AFCAP I don't think directly apply to this case. Moreover, two of the issues decided by the Federal Circuit are mixed questions of fact and law. One, whether ADRA applies and whether the FAA applies, even though ADRA doesn't, is a pure question of law, I believe. And at least there, the AFCAP opinion is dealing – which talks about legal issues would apply insofar as that's a legal issue, but in other respects, the authorities cited in AFCAP are different. Counsel, one more question. If the government had not filed this suit to vacate in the Central District of California, what would you have done? Well, that's a good question, Your Honor. We've certainly been asking. You could not have relied. There's no 13 – there's no 1367 jurisdiction, is there? No, sir, there's not. And we've certainly been asking ourselves that question in the last few days. No, but this whole thing seems to turn on the fortuity of the government having bungled this by arguing under 1345. Is that right? That's why we're here, and I'm not going to deny it. On the other hand, I – that is why we're here. We haven't been forced to decide what we would do if we weren't here. I think what we might do is try to go to state court and argue that the waiver of sovereign immunity that allowed the government to engage in binding arbitration would allow a state court, a court of general jurisdiction in the State of California, a place the government is not used to being. Has there been any attempt at mediation? Has this thing been going on forever? There was an attempt to settle, Your Honor, in April of – I believe it was 2003. There were settlement discussions. The parties were miles apart. There have been some intermittent discussions since then, but not very many. Since the entry of the arbitration award, have there been settlement discussions? It resulted in brief discussions that didn't get very far. This is a very interesting case, and I'll close on this. This was a 10-day arbitration, 1,600 exhibits. These arbitrators, you probably recognize them, pretty distinguished people. They took these big binders of exhibits home every night and methodically went through them. Sixty-six witnesses. The government wasn't there, so the arbitrators asked a lot of questions. We didn't, by any means, control this. I think it's fair to state that these three very distinguished people were shocked, stunned by what they heard. And I think you can see that reflected in this 67-page opinion. There's just no question about what happened here or what was done to the business run by these people behind me. And so the only question we're left is, where do we take this orphan to get it confirmed? And we had hoped that it would be an Article III court, particularly because we were told to go there. Thank you, Mr. Buckley. Mr. White, you've really exceeded your time. If you want one minute, we'll give you a minute in rebuttal. I appreciate that, Your Honor. I did want to mention the AFCAP decision because that's how I started, and I disagree with Mr. Buckley's construction of the case. In many ways, I think it supports the government's position that clearly this court or the district court was not appropriate to view this as a matter of collateral estoppel. Clearly it couldn't be because the Federal Circuit and the Court of Federal Claims are not in the business of determining what the district court's jurisdiction is. And in that respect, AFCAP is very different from this fact pattern because there it was very close. This court and a sister circuit were both in the business of determining very specifically the scope of the waiver of sovereign immunity in the Foreign Sovereign Immunities Act and were in fact both dealing with the very same standard of whether there was some action that resulted in the property being used in the commercial activity in the United States. Here, the Federal Circuit made a very simple holding in Hardy 2. The arbitration clause of this joint venture agreement is going to be applicable to the United States to the same extent as everything else, which is what we meant when we said that they could sue in the Court of Federal Claims. That's as far as it goes. And it only implicates the Tucker Act, the ability to file an action in the Court of Federal Claims or to amend an action in the Court of Federal Claims relating to the breach of contract claims. And it has nothing to do, never mentioned, never alluded to the possibility of district court jurisdiction to enforce through specific performance remedies and arbitration. Thank you, Mr. White. Thank you. Mr. Buckley, thank you. Let me ask you, gentlemen, if you would, if you think it's useful, if the two of you could confer for a few minutes, either now or, you know, sometime in the near future, and let us know whether you have any interest in asking us to refer the case to the Ninth Circuit Mediation Service. No one should feel pressured to do it, but if you both want to do it, let us know and we'll be happy to make that referral. Okay? Thank you. We'll stand and recess for this session. Thank you.
judges: Silverman, Wardlaw, Bybee